NO. 07-09-0219-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 19, 2009
_____

TINA SHERON YARBROUGH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B 4084-06-10; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Tina Sheron Yarbrough appeals from the judgment revoking her community supervision and sentencing her to ten years in the Institutional Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that there are no non-frivolous issues to appeal. Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In October 2006, appellant was indicted for "intentionally or knowingly possess[ing], with intent to deliver, a controlled substance, namely, cocaine, in an amount of four grams or more but less than 200 grams."[1]  In April 2007, appellant was found guilty as charged by a jury and was sentenced to ten years in the Institutional Division of the Texas Department of Criminal Justice and a $5,000 fine was imposed against her.  The court suspended appellant's prison sentence and placed her on community supervision for a period of five years.  Appellant's supervision was conditioned on her compliance with specified terms and conditions.

Thereafter, on March 25, 2009, the State filed a motion to revoke appellant's community supervision. The State alleged appellant committed the new offense of evading a police officer while on community supervision.  The State also alleged appellant failed to pay required restitution, a community supervision fee, and her required Crime Stopper's payments for certain months.  The State also alleged appellant failed to avoid the use of alcohol and drugs, indicated by a cocaine-positive urine test.  Lastly, the State alleged appellant failed to complete her required community service.

On June 3, 2009, the trial court heard the State's motion to revoke.  At that hearing, appellant plead "true" to each of the State's allegations.  The court received a signed stipulation of evidence indicating appellant's plea of "true" to the State's allegations.   The trial court properly admonished appellant concerning her plea of "true."

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003).  This is a second degree felony punishable by imprisonment for a term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (Vernon 2003).

Appellant's community supervision officer testified in support of the motions to revoke. Appellant testified, denying her use of cocaine. She also testified to her efforts to find employment and to a job opportunity that was available if her community supervision was not revoked. Appellant also admitted to being delinquent in paying required fees and to failing to complete the required community service. Appellant also indicated to the court her desire to continue her community supervision and stated a friend had offered to help her make her required payments. The friend testified to his willingness to assist her. On cross-examination, appellant admitted she knew that intentionally fleeing from a police officer that was trying to stop her was against the law and committing an offense while on community supervision was prohibited.

Based on appellant's plea of "true" and the evidence presented before it, the court revoked appellant's community supervision and assessed appellant's punishment at confinement for a period of ten years. The court certified appellant's right of appeal and she timely filed notice of appeal.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case and the proceedings in connection with the motion to revoke appellant's community supervision. Counsel discusses the applicable law and sets forth the reasons he believes there are no arguably meritorious issues on which to appeal. Counsel has certified that a copy of the

*Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of her right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel. Appellant filed a response addressing her counsel's motion and brief.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Counsel points to two potential issues, the legal and factual sufficiency of the evidence to support the revocation of appellant's community supervision. In her response, appellant raises similar complaints. Counsel concludes the evidence was sufficient to satisfy the State's burden to prove each allegation by a preponderance of the evidence. Appellant plead "true" to all of the State's allegations. A plea of "true" to even one allegation in the State's motion is sufficient to support a judgment revoking community supervision. *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Lewis v. State,* 195 S.W.3d 205, 209 (Tex.App.–San Antonio 2006, pet. denied). We find also that the record provides no reason to doubt that appellant freely, knowingly, and voluntarily entered her plea of "true" to the allegations contained in the State's motion to revoke.

We note also the record does not support a contention that the court acted outside the zone of reasonableness in imposing appellant's sentence as it was within the range proscribed by the Penal Code for this offense. *See* Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003); Tex. Penal Code Ann. § 12.33 (Vernon 2003). *See also Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim.App. 1973); *Rodriguez v. State,* 917 S.W.2d 90, 92 (Tex.App.–Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that as long as the sentence is within the range of punishment established by the Legislature in a valid statute, it does not violate state or federal prohibitions).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record, including appellant's response, to determine whether there are any arguable grounds which might support the appeal from the revocation and sentence. We agree the record presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.